# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:12cv12

| | |
|---|---|
| BOBBY L. HORNE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| METHODIST HOME FOR ) | |
| CHILDREN, INC. and BRUCE ) | |
| STANLEY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is Defendant Methodist Home for Children, Inc.'s ("Defendant") Motion to Compel [# 43], and Plaintiff's Motion to Compel [# 45] and Motion [# 46]. Defendant served Plaintiff with its First Interrogatories and First Request for Production of Documents on August 24, 2012. Plaintiff provided incomplete responses to the discovery requests. Accordingly, Defendant now moves to compel Plaintiff to fully and completely answer Defendant's discovery requests. Plaintiff moves the Court to order the Defendants to respond to a number of interrogatories served on Defendant. Finally, Plaintiff asks the Court to consider his untimely response to the Defendants' Motion to Compel, provide him with additional time to comply with Plaintiff's discovery requests, and not to

-1-

impose an award of costs. Upon a review of the record in this case, the relevant legal authority, and the parties' pleadings, the Court **GRANTS** Defendant's Motion to Compel [# 43], **DENES** Defendant's Motion to Compel [# 45], and **DENIES** as moot Plaintiff's Motion [# 46].

I.  **Legal Standard**

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D 238, 241 (E.D.N.C. 2010); Billips v. Benco Steel, Inc., No. 5:10cv95, 2011 WL 4005933 (W.D.N.C. Sept. 8, 2011)

(Keesler, Mag. J.).

Moreover, in responding to a party's interrogatory, the responding party must answer fully in writing under oath. Fed. R. Civ. P. 33(b)(3). Any objections "must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). "Parties must respond truthfully, fully, and completely to discovery or explain truthfully, fully, and completely why they cannot respond." Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D. 238, 240 (E.D.N.C. 2010).

Finally, Rule 37 provides that if a court grants a motion to compel or the discovery is provided after the party files the motion, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorneys' fees, after providing the party an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(A). The Court, however, need not award fees under Rule 37 where it finds that circumstances would make an award of expenses unjust. Id.

**II.   Analysis**

To date, Plaintiff has not fully and completely answered each of Defendant's Interrogatories and produced all the documents either in his possession or under his custody or control that are responsive to Defendant's requests. Moreover,

Plaintiff has not set forth any reason to the Court for why he is of the opinion that the information sought by the Defendant is not relevant. Plaintiff initiated this action against Defendants. Despite the fact that Plaintiff is proceeding *pro se*, Plaintiff must still participate in the discovery process and produce all documents responsive to Defendant's discovery requests. Plaintiff has yet to do so. Accordingly, the Court **GRANTS** Defendant's Motion to Compel [# 43]. Plaintiff shall fully and completely respond to Defendant's Interrogatories 2, 8, 11, 12, 13, 17, 19, 20, and 22 by March 10, 2013. In addition, Plaintiff shall produce all documents responsive to Defendant's requests for production of documents C, I, L, M, N, R, T, and U by March 10, 2013. The failure of Plaintiff to comply with this Order may result in the Court recommending to the District Court that it dismiss this case for failure to comply with a lawful order of the Court. Upon a review of the docket in this case, however, the Court finds that an award of costs is unjust at this time. A subsequent failure of Plaintiff to comply with the Order will cause the Court to reconsider its decision not to award Defendant its costs associated with bringing this motion.

    Plaintiff moves the Court to Order Defendants to answer interrogatories that are not directed towards Defendants but, rather, towards the current and former employees of Defendant Methodist Home for Children, Inc. In fact, some of the

interrogatories served on Defendants requested that third parties who are not parties to the lawsuit provide answers to the interrogatories. Interrogatories served on a defendant requesting that a non-party answer the interrogatory is improper under Rule 33. See Fed. R. Civ. P. 33; Ward v. Empire Vision Ctrs., Inc., 262 F.R.D. 256, 260 (W.D.N.Y. 2009); Ackah v. Greenville Cnty Sch. Dist., No. 6:07-2796-HFF-WMC, 2008 WL 972448 (D.S.C. Apr. 9, 2008); Solomon v. Michigan State Police, No. 1:08-cv-858, 2010 WL 3475730, at *2 (W.D. Mich. Sept. 2, 2010); 8B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2163 (3d ed. 2012).

Moreover, the requests seek information that is not relevant to this dispute, such as social security numbers and driver's license numbers, and information regarding the spouse and children of various individuals. Because this information is not relevant to any claim or defenses in this lawsuit, Defendant need not respond to such requests. See Fed. R. Civ. P. 26(b)(1). Accordingly, the Court **DENIES** Plaintiff's Motion to Compel [# 45].

### III. Conclusion

The Court **GRANTS** Defendant's Motion to Compel [# 43]. Plaintiff shall fully and completely respond to Defendant's Interrogatories 2, 8, 11, 12, 13, 17, 19, 20, and 22 by March 10, 2013. In addition, Plaintiff shall produce all

documents responsive to Defendant's requests for production of documents C, I, L, M, N, R, T, and U by March 10, 2013. The Court **DENIES** Defendant's Motion to Compel [# 45]. The Court **DENIES as moot** Plaintiff's Motion [# 46].

Signed: February 28, 2013

Dennis L. Howell
United States Magistrate Judge